## Albert Quann, Appellee, v. Henry A. Blair and John M. Roach, Receivers, Appellants.

### Gen. No. 19,380.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed July 14, 1914.

### Statement of the Case.

Action by Albert Quann against Henry A. Blair and John M. Roach as receivers of the Chicago Railways Company to recover for personal injuries sustained by plaintiff while in the employ of defendants as a street car conductor. The facts showed that the car on which plaintiff was conductor was run to the end of the line and in order to make the return trip the conductor was required to change the trolley pole to the other end of the car and fix the fenders; that when he went around to such end with the trolley pole he noticed that another car of the company was on the same track in close proximity with his car and asked the motorman of his car to back up a little; that the conductor then stepped in between the cars and put the trolley on the wire and was standing at the time in the middle of the car, on the fender and that such motorman instead of backing the car caused the car to move forward on account of his failure to properly use the reverse handle, and the conductor's leg was caught between the bumpers and crushed. To reverse a judgment in favor of plaintiff for six thousand dollars, defendants appeal.

JOSEPH D. RYAN and WILLIAM H. SYMMES, for appellants; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

DARROW & BAILY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 833*—*when instructions based on proof of declaration prejudicial.* Where a street car conductor was injured by a collision with another car caused by the motorman of his car starting the car· forward when requested by the conductor to back it, *held,* in an action against the street railway company for the injuries where the counts in the declaration charged the company with negligence in permitting the brakes of the car to be out of repair, and in employing an incompetent mo-·motorman that the giving of instruction for the plaintiff which in effect told the jury that if they believe the plaintiff has proved his case as charged in the declaration, or some count thereof, by a preponderance of the evidence they should find the defendant guilty, was prejudicial error, for the reason that neither of the counts alleged that plaintiff did not know or in the exercise of ordinary care could have known that the brake was out of repair or that the motorman was incompetent, and also for the reason that they did not allege that the defendant knew or in the exercise of ordinary care could have known such facts.

2. MASTER AND SERVANT, § 576*—*burden of proof.* In an action against a street railway company for injuries sustained by a street car conductor in a collision with another car, where a count in the declaration averred that the motorman on the car with plaintiff was incompetent, *held* under the facts of the case it was necessary for plaintiff to prove that he did not know or in the exercise of ordinary care could not have known that the motorman was an incompetent fellow-servant.

3. MASTER AND SERVANT, § 580*—*burden of proof.* Where a street car conductor was injured by a collision between cars resulting from a motorman on the same car as plaintiff being unable to stop his car on account of a defective brake, in an action against the street car company to recover for the injuries *held* under the facts of the case it was incumbent on plaintiff to prove that he did not know or could not have known of the defect.

4. MASTER AND SERVANT, § 539*—*sufficiency of allegation of plaintiff's knowledge of defect.* In an action against a street railway company for personal injuries sustained by a street car conductor on account of a defective brake, an allegation in the declaration that plaintiff was in the exercise of due care for his own safety coupled with other allegations, *held* not to amount to an allegation that plaintiff did not know the brake was defective.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.